UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEIFEN WANG,

    Petitioner,

v.

JEFFERSON BEAUREGARD
SESSIONS, III, et al.,

    Respondents.

Case No. 2:17-cv-12744

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [15] AND
DENYING RESPONDENTS' MOTIONS FOR JUDGMENT
ON THE PLEADINGS AND FOR SUMMARY JUDGMENT [13, 16]**

Petitioner Beifen Wang is a native and citizen of China who first moved to the United States in 2002 on an F-1 student visa with her then-husband and fellow Chinese citizen Ren Pan. *See* ECF 13, PgID 78. A Chinese court issued a civil judgment of divorce between Petitioner and Ren Pan on October 29, 2007 that indicated neither party was physically present in China during the proceedings. *Id.* at 80. On August 8, 2009, Petitioner married Jun Zheng, a United States citizen, in Las Vegas, Nevada. *Id.* at 79. Jun Zheng submitted a Form I-130 for Petitioner, which is a petition for an alien relative, and Petitioner submitted her own Form I-485, which is an application to register permanent residence or adjust status. *Id.* at 79–80. United States Citizenship and Immigration Services ("USCIS") approved both requests and, subsequently approved Petitioner's petition to remove conditions on her residence. *Id.* at 80. On November 4, 2014, Petitioner and Jun Zheng divorced. *Id.*

On March 9, 2015, Petitioner applied for naturalization. *Id.* at 81. On August 12, 2016, USCIS denied the application, and, after a hearing on May 3, 2017, USCIS affirmed the denial. *Id.* at 81–82. USCIS denied Petitioner's application on grounds that she failed to establish that she had been lawfully admitted as a permanent resident because her divorce and, therefore, her subsequent marriage, were invalid. *Id.* at 81. On August 21, 2017, Petitioner filed a petition for review of the denial of her application for naturalization pursuant to 8 U.S.C. § 1421(c). ECF 1. On May 16, 2018, Respondents filed a motion for judgment on the pleadings. ECF 13. On June 15, 2016, Petitioner filed a motion for summary judgment and Respondents filed a cross-motion for summary judgment. ECF 15, 16. The Court reviewed the pleadings and briefings and finds that a hearing is unnecessary. For the reasons below, the Court will grant Petitioner's motion for summary judgment and deny Respondents' motions for judgment on the pleadings and for summary judgment.

## STANDARDS OF REVIEW

A.  8 U.S.C. § 1421(c) Review

The Court reviews denials of applications for naturalization de novo. 8 U.S.C. § 1421(c). "[T]he court shall make its own findings of fact and conclusions of law." *Id.* The "Court's review 'is not limited to any administrative record,' and its decision 'may be on facts established in and found by the district court de novo.'" *Hassan v. Dedvukaj*, No. 09-10716, 2010 WL 199931, at *4 (E.D. Mich. Jan. 19, 2010) (quoting *Aparicio v. Blakeway*, 302 F.3d 437, 445 (5th Cir. 2002)). "Furthermore, it is proper to conduct this review within the context of a motion for summary judgment." *Id.* (citing *Chan v. Gantner*, 464 F.3d 289, 295–96 (2d Cir. 2006)).

B.  Summary Judgment

For summary judgment motions, the Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the nonmoving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted). "In considering cross-motions for summary judgment, a court 'must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party.'" *Intuitive Surgical Operations, Inc. v. Midbrook, LLC*, No. 2:17-cv-10391, 2018 WL 3109587, at *2 (E.D. Mich. June 25, 2018) (quoting *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003)).

C.   Judgment on the Pleadings

The Court must analyze a Rule 12(c) motion for judgment on the pleadings with the same standard it would employ for a 12(b)(6) motion to dismiss. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). The Court will accept as true all well-pleaded material allegations of the pleadings and draws reasonable factual inferences in favor of the non-moving party, but "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). The complaint must not only "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)), but also "'raise a right to relief above the speculative level,' and . . . 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). It is not enough to merely offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

**ANALYSIS**

An applicant for naturalization must demonstrate that: (1) she has resided in the United States continuously for at least five years "after being lawfully admitted for permanent residence" and immediately preceding the date of the application, (2) that she has resided in the United States continuously from the date of the application to the date citizenship is granted, and (3) that she has been of good moral character, attached to the Constitution and disposed in favor of the good order and happiness of the United States.

4

8 U.S.C. § 1427(a); *see also* 8 C.F.R. § 316.2 (confirming that the applicant "must establish" each of these factors). Petitioner's application for permanent residence was granted on January 27, 2010, and conditions on her residence were removed on May 2, 2012. ECF 13, PgID 80. A previous grant of an application for permanent residence is not, however, enough to establish that Petitioner has been "lawfully admitted for permanent residence" under 8 U.S.C. § 1427(a). *See Turfah v. USCIS*, 845 F.3d 668, 674 (6th Cir. 2017). If an applicant obtains permanent residence status through fraud or even through "a mistake by the government" but does not actually meet the requirements for that status at the time it is granted, then she has not been lawfully admitted for permanent residence for purposes of naturalization. *Id.* at 672.

Wang's application for permanent residence was initially approved under 8 U.S.C. § 1151(b)(2)(A)(i) upon a finding that she was a "spouse" of a United States citizen. *See* ECF 13, PgID 87. Respondents' sole stated justification for denying Petitioner's application for naturalization is that she was not lawfully admitted as a permanent resident. USCIS determined that Petitioner's marriage to an American citizen was invalid at its inception because her prior divorce was invalid and concluded that she was therefore ineligible to qualify as a "spouse" of an American citizen for immigration purposes. *See generally*, ECF 13, 16, 18, 20, 24. "[T]he parties agree that there are no material facts in dispute." ECF 17, PgID 386. The only question before the Court on summary judgment, therefore, is whether, as a matter of law, Petitioner's marriage to an American citizen was valid for immigration purposes in light of her prior divorce. The parties disagree over which state's law governs and the Court will begin by addressing the choice-of-law issue.

I.     Choice of Law

Respondents insist that Michigan law governs the validity of Petitioner's divorce because both parties to the divorce were domiciled in Michigan at the time of the divorce. *See, e.g.*, ECF 13, PgID 93–97. Petitioner argues that USCIS instead determines the validity of prior divorces based on the laws of the state where the subsequent marriage is celebrated. *See, e.g.*, ECF 15, PgID 245. The Court agrees with Petitioner. "[T]he validity of the marriage for immigration purposes is generally governed by the law of the place of celebration of the marriage." *Matter of Hosseinian*, 19 I. & N. Dec. 453, 455 (BIA 1987) (collecting cases). Accordingly, "[w]here one of the parties to a marriage has a prior divorce, we look to the law of the state where the subsequent marriage was celebrated to determine whether or not that state would recognize the validity of the divorce." *Id.* (citing *Matter of Ma*, 15 I. & N. Dec. 70 (BIA 1974)). Respondents rely on *Matter of Weaver*, 16 I. & N. Dec. 730 (BIA 1979) for the proposition that when the parties to a divorce are domiciled in a jurisdiction other than the one that issues the divorce decree, the jurisdiction of domicile must recognize the decree as valid in order for a third jurisdiction to be able to conduct a valid subsequent marriage. *Matter of Weaver*, however, holds only that, due to fairness and reliance concerns, a foreign divorce that the parties' jurisdiction of domicile recognizes as valid cannot later be invalidated by the jurisdiction where a party's subsequent marriage is celebrated. It does not hold the inverse, contrary to Respondents' suggestion.

The facts here are more analogous to *Matter of P-*, 4 I. & N. Dec. 610 (BIA 1952). In *Matter of P-*, the petitioner was a United States citizen who obtained a divorce decree from Mexico while he and his first wife were both domiciled in the United States. *Id.* at

6

610–11. The petitioner later married the beneficiary, a German citizen, in Germany. *Id.* at 611. The Acting Attorney General explicitly overruled a prior BIA holding that the governing law for the validity of immigration visas for relatives of United States citizens would "be determined in accordance with the prevailing law of the country in which [the] subject is domiciled and physically present at the time the divorce is obtained." *Id.* at 614. Rather, he determined that Congress "intended that the marriage of a citizen, valid where contracted, be accorded validity for immigration purposes." *Id.* On remand, the BIA determined that it need consider only the validity of the Mexican divorce decree under German law and, upon determining Germany recognized such divorces, the BIA recognized the petitioner's divorce. *Id.* at 615–16.

The Court will therefore look only to the validity of Petitioner's Chinese divorce decree under Nevada law to determine the validity of Petitioner's initial divorce and subsequent marriage for immigration purposes.[1]

II. <u>Validity of Petitioner's Divorce and Subsequent Marriage Under Nevada Law</u>

The Court must consider whether Nevada law recognizes the jurisdiction of China over Wang's first divorce.[2] "In Nevada, a court's recognition of foreign jurisdiction requires that the demands of both procedural and substantive due process are met in the foreign forum so that 'traditional notions of fair play and substantial justice' are satisfied." *Lugot*

---

[1] Although the parties partially based their joint request for leave to file excess pages on their need to "analyze statutory and case law under two different jurisdictions (Michigan and Nevada)," ECF 22, PgID 468, Respondents failed to provide an alternative argument under Nevada law and instead relied solely on Michigan law.

[2] Nevada "recognize[s] foreign judgments in personam as conclusive, where they are rendered on the merits, in foreign courts having jurisdiction of the parties." *Bates v. Bates*, 292 P. 298, 303 (Nev. 1930).

*v. Harris*, 499 F. Supp. 1118, 1120–21 (D. Nev. 1980) (quoting *Mizner v. Mizner*, 439 P.2d 679, 680 (Nev. 1968)).

Nevada explicitly recognizes that a state may subject nondomiciliaries to its exercise of personal jurisdiction over them if: (1) the acquisition of such jurisdiction is appropriately authorized, and (2) there are "sufficient contacts between the defendant and the forum" state so as not to offend "traditional notions of fair play and substantial justice." *Davidson & Co. v. Allen*, 508 P.2d 6, 8 (Nev. 1973) (quoting *Mizner*, 439 P.2d at 271). Here, it is undisputed that Beifen Wang and Ren Pan each authorized the Chinese court to exercise jurisdiction over their divorce by filing a "joint petition" and that the Chinese court waived the requirement of their personal presence and allowed relatives to appear as their representatives in court. *See* ECF 14-1, PgID 193–94. Beifen Wang and Ren Pan also had sufficient contacts with China so that neither fair play nor substantial justice were offended by the divorce decree. Beifen Wang and Ren Pan were both citizens of China, lived in China for part of their marriage, and entered into the marriage that the divorce dissolved in the same district, city, and province in which they filed for divorce. *See id.* at 193. Because Beifen Wang and Ren Pan authorized the jurisdiction and had sufficient contacts with the forum state to justify the exercise of jurisdiction over their divorce, the divorce does not raise any due process concerns. Nevada law would therefore recognize the divorce.[3] Petitioner's initial divorce and subsequent marriage to an American citizen are valid for immigration purposes.

---

[3] Notably, Nevada permitted Wang's second marriage and presumably must have accepted the Chinese divorce decree in doing so, which further supports the conclusion that Nevada would recognize the divorce.

8

Because the validity of Petitioner's divorce was the only legal question in dispute, and the parties concede that there are no material facts in dispute, Petitioner is entitled to judgment as a matter of law. Petitioner's motion for summary judgment will therefore be granted. Because Petitioner is entitled to judgment as a matter of law, she stated a claim upon which relief can be granted. Because Petitioner's divorce is valid for immigration purposes, Respondents are not entitled to judgment as a matter of law. Respondents' motions for judgment on the pleadings and for summary judgment will therefore be denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion for summary judgment [15] is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents' motion for judgment on the pleadings [13] is **DENIED.**

**IT IS FURTHER ORDERED** that Respondents' motion for summary judgment [16] is **DENIED.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 13, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 13, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager